UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROGER DRIVER,

        Petitioner,                      Case No. 1:19-cv-264

v.                                            Honorable Paul L. Maloney

RANDEE REWERTS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. <u>Factual allegations</u>

Petitioner Roger Driver is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. In 2017, Petitioner pleaded *nolo contendere* in the Genesee County Circuit Court to the following offenses: assault with a dangerous weapon, in violation of Mich. Comp. Laws § 750.82; possession of ammunition as a felon, in violation of Mich. Comp. Laws § 750.224f(6); possession of firearms as a felon, in violation of Mich. Comp. Laws § 750.224f; larceny by stealing a firearm, in violation of Mich. Comp. Laws § 750.357b; assault with intent to commit murder ("AWIM"), in violation of Mich. Comp. Laws § 750.83; armed robbery, in violation of Mich. Comp. Laws § 750.529; and six counts of possession of a firearm while committing a felony ("felony-firearm"), in violation of Mich. Comp. Laws § 750.227b. On December 11, 2017, the court sentenced Petitioner to respective prison terms of 2 to 4 years for the assault-with-a-dangerous-weapon conviction, 2 to 5 years for the possession and larceny convictions, 22 years and 6 months to 40 years for the AWIM and armed-robbery convictions, and a consecutive 2 years for the felony-firearms convictions.

Petitioner applied for leave to appeal his sentence to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts summarily denied leave to appeal on March 30, 2018, and February 4, 2019, respectively.

Petitioner filed his petition in April 2019. The petition raises two grounds for relief, as follows:

I. Disproportionate sentencing. The trial court erred when it did not produce an SIR form on the Armed Robbery count.

II. Due process right violated. Offense variables were scored incorrectly [and] the error increased the range.

(Pet., ECF No. 1, PageID.6, 7.) He contends that these are the same claims that he raised on appeal.

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v Rodgers*, 569 U.S. 58, 64 (2013); *Parker v Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the

3

Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

Where, as in this case, the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 298 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference).

### III. Ground I – Disproportionate Sentencing

Petitioner contends that the trial court failed to prepare a sentencing information report (SIR) that scored the sentencing variables for his conviction for armed robbery. He notes

4

that Rule 6.425(D) of the Michigan Court Rules requires that "[p]roposed scoring of the guidelines shall accompany the presentence report." (Br. in Supp. of Pet., ECF No. 1-1, PageID.32.) He does not explain why the failure to prepare this report rendered his sentence "disproportionate."

Petitioner's claim is not cognizable in this action because it involves only a violation of state law or procedure. The requirement to prepare a SIR derives from Michigan court rules. It is not required by the Constitution or federal law.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). This Court has no power to grant relief on the basis of a perceived error of state law or procedure. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, the Court cannot grant relief to correct the state court's alleged violation of Rule 6.425(D) of the Michigan Court Rules.

To the extent that Petitioner suggests that his sentence was disproportionate under the Eighth Amendment, his claim is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the

sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Armed robbery is punishable by "imprisonment for life or for any term of years." Mich. Comp. Laws § 750.529. Petitioner received a maximum sentence of 40 years, well within the maximum allowed by statute. Therefore, his sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment. Accordingly, Ground I does not state a meritorious claim.

IV. Ground II – Scoring of Offense Variables

Petitioner argues that the state court improperly assigned him points under several offense variables in the Michigan sentencing guidelines when it determined his range of sentence for the AWIM offense. He claims that there was insufficient evidence to support the application of these variables.

Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal

habeas relief). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Thus, the Court generally does not review the state court's application of its own guidelines.

In his brief, Petitioner notes that a sentence may violate due process if it is based upon material "misinformation of constitutional magnitude," quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972). To prevail on such a claim, Petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447. A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Id.*

Petitioner cannot claim that he was denied due process because he agreed to the sentence that was imposed by the court. According to his brief in support of the petition, he entered his plea "in exchange" for "'a sentencing recommendation to the low end of the guidelines as calculated at two hundred and seventy months.'" (Br. in Supp. of Pet., PageID.28 (quoting plea transcript).) Apparently, after Petitioner entered his plea but before his sentencing, the "parties agreed that the guidelines were accurately scored" to arrive at a minimum term of 225 months for the armed robbery and AWIM convictions, not 270. (*Id.*, PageID.30.) The court, however, sentenced Petitioner "consistent with the plea agreement" to a minimum term of 270 months. (*Id.*, PageID.31.)

"A district court that keeps a defendant's guilty plea is prohibited from 'sentencing a defendant to a sentence less severe than that provided for in the plea agreement accepted by the court.'" *People v. Siebert*, 537 N.W.2d 891, 896 (Mich. 1995) (quoting *United States v. Semler*,

7

883 F.2d 832, 833 (9th Cir. 1994)). The court must sentence the defendant in accordance with the agreement or allow the parties to withdraw from the plea. *Id.* at 897; *see id.* at 895 n.4 (noting that this principle applies equally to agreements specifying a sentence and those recommending one; "[i]t is the nature of the bargain that controls, not the nomenclature"). Consequently, a plea agreement prescribing or recommending a specific sentence "'obviates the scoring of the sentencing guidelines . . . .'" *People v. Dunbar*, No. 333510, 2017 WL 5759754, at *4 (Mich. Ct. App. Nov. 28, 2017) (quoting trial court). A sentence imposed under such a plea agreement "'arises directly from the agreement itself' and not from the sentencing guidelines[.]" *People v. Faher*, No. 328285, 2016 WL 6127902, at *4 (Mich. Ct. App. Oct. 18, 2016) (quoting *United States v. Cieslowski*, 410 F3d 353, 364 (7th Cir. 2005)). In other words, the sentencing guidelines were irrelevant to Petitioner's sentence because the sentencing court followed the sentencing recommendation in the plea agreement, not the guidelines. Consequently, Petitioner cannot show that the state court relied upon false information in calculating his sentence, let alone that he was deprived of due process.

In short, Petitioner's claims are plainly meritless.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would

be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

9

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated: May 24, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge